## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION; AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF COLORADO; <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> *Defendant*. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> Case No. 25-cv-3271 |

## INTRODUCTION

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief to compel the disclosure of certain records that are a matter of great public concern. Plaintiffs American Civil Liberties Union Foundation ("ACLU") and American Civil Liberties Union Foundation of Colorado ("ACLU-CO") (collectively "Plaintiffs" or "Requestors") seek the immediate processing and timely release of agency records from U.S. Immigration and Customs Enforcement ("ICE").

2.     On February 14, 2025, ICE issued a "Request for Information" ("RFI") to identify possible immigration detention facilities in areas covered by ICE's Denver, Colorado Enforcement and Removal Operations ("ERO") Field Office. This action seeks the timely disclosure of responses to the RFI, as requested by Plaintiffs under FOIA.

1

3.      ICE detains approximately 48,000 people each day in its nationwide network of immigration detention facilities.[1] Although ICE owns five detention facilities of its own, it relies on contracts, inter-governmental service agreements, and inter-governmental agreements with private prison companies, and local and state jurisdictions, for the use of prisons, jails, and other detention facilities to hold the majority of people in its custody.[2]

4.      ICE's Request for Information ("RFI") is titled the "Denver Area of Responsibility Detention Facility Support-Request for Information," with Notice ID number 2025_ICE-DCR_DenverAOR. On February 14, 2025, ICE posted the RFI on Sam.gov, the federal government's official website for contract opportunities.[3] In an accompanying attachment, ICE provided further specifications for the RFI, noting that "ICE is seeking available detention facilities for single adult populations (male and female)" within the Denver ERO Field Office, including Colorado and Wyoming. The RFI noted ICE is seeking "approximately 850 to 950 detention beds." Responses to the RFI had a deadline of February 21, 2025, and were to be submitted by email to Ian Somppi, Contracting Officer, at ian.somppi@ice.dhs.gov, Amanda

---

[1] TRACImmigration, *Immigration Detention Quick Facts*, https://tracreports.org/immigration/quickfacts/detention.html [https://perma.cc/XZ86-C6XR] (Apr. 6, 2025).

[2] DHS Office of Inspector General, *ICE Does Not Fully Use Contracting Tools to Hold Detention Facility Contractors Accountable for Failing to Meet Performance Standards* 3 (2019), https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-Jan19.pdf [https://perma.cc/2V5L-22F3].

[3] Sam.gov, *Denver Area of Responsibility Detention Facility Support-Request for Information*, https://sam.gov/opp/7e6e095983064363938daab9bb2e11c1/view [https://perma.cc/422T-P3GP].

Stought, Contract Officer, amanda.stought@ice.dhs.gov, and William Burger, Contract Specialist, William.burger@ice.dhs.gov.[4]

5.      Plaintiffs ACLU and ACLU-CO are non-profit, non-partisan civil liberties advocacy organizations. Plaintiffs submitted a FOIA request (the "Request") to the Defendant on March 7, 2025, seeking the release of records responsive to the RFI. To date, Defendant has not released any responsive records, notwithstanding the FOIA's requirement that agencies respond to requests within 20 working days.

6.      Plaintiffs now ask the Court for injunctive and other relief requiring Defendant to conduct a thorough search for all responsive records and to immediately process and release any responsive records. Plaintiffs appeal Defendant's denial of its request for expedited processing. Plaintiffs seek an order enjoining Defendant from withholding non-exempt, responsive records, and from charging search, review, or duplication fees for the processing of the Request.

## JURISDICTION AND VENUE

7.      The Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–06.

8.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B). Plaintiff ACLU has its principal place of business in this district.

## PARTIES

9.      Plaintiff American Civil Liberties Union Foundation ("ACLU") is a nationwide, non-profit, nonpartisan 26 U.S.C. § 501(c)(3) organization, with its principal place of business in

---

[4] Sam.gov, *Request for Information—Denver Field Office,* available for download at https://sam.gov/api/prod/opps/v3/opportunities/resources/files/cd28182708334e798440cbd853c7b29f/download?&token=.

New York City. The ACLU's mission is to maintain and advance civil rights and civil liberties and to ensure that the U.S. government acts in compliance with the Constitution and laws of the United States. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU's work and one of its primary activities.

10.     Plaintiff American Civil Liberties Union Foundation of Colorado ("ACLU-CO") is a non-profit, nonpartisan 26 U.S.C. § 501(c)(3) organization, with its principal place of business in Denver, Colorado. The ACLU-CO is a state affiliate of the ACLU, and its mission is to maintain and advance civil rights and civil liberties and to ensure that the U.S. government acts in compliance with the Constitution and laws of the United States, with a focus on impacts in the state of Colorado.  Like the ACLU, the ACLU-CO is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU-CO's work.

11.     Defendant ICE is an agency of the U.S. government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702. ICE has possession, custody, and control of the records that the Plaintiffs seek.

## FACTUAL BACKGROUND

12.     On March 7, 2025, the Plaintiffs submitted the Request to Defendant, seeking:

All documents submitted in response to a Request for Information ("RFI") titled "*Denver Area of Responsibility Detention Facility Support-Request for Information*," with Notice ID "2025_ICE-DCR_DenverAOR," originally issued by U.S. Immigration and Customs Enforcement ("ICE") on February 14, 2025, to for available detention facilities in areas covered by Denver Enforcement and Removal Operations ("ERO") Field Office. *See* Exhibit A, Sam.gov, Request for Information—Denver Field Office.[5]

The FOIA request also specified that "[t]he custodians to be searched for this Request include Ian Somppi, Amanda Stought, and William Burger." The Request is attached as Exhibit A to this Complaint.

13.     Plaintiffs sought a waiver of search, review, and reproduction fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k).

14.     Plaintiffs also sought a waiver of search and review fees on the grounds that they qualify as a "representative of the news media" and that the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 6 C.F.R. § 5.11(d)(1).

15.     In support of its request of a fee waiver, Plaintiffs noted in the Request that disclosure of the materials is in the public interest, in light of the attention and concern raised by members of Congress, the media, and advocates regarding ICE's plans to expand and establish new immigration facilities. Plaintiffs cited to two different Congressional letters,[6] multiple news

---

[5] *See supra* notes 3-4.

[6] Exh. A at nn.6-7 (citing Letter from Sen. Elizabeth Warren, et al., to Alejandro Mayorkas, Sec'y. Dep't Homeland Sec.  ( May 14, 2024),

stories, including from national outlets such as the *Washington Post*,[7] and national advocacy letters.[8]

16.    Plaintiffs noted that they are 501(c)(3) nonprofit organizations that have no commercial interest, and cited to their work of publishing, analyzing, and disseminating information through their heavily visited websites, which include many features on information obtained through FOIA requests. Plaintiffs also noted their status as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii)(II)-(III). *See also Nat'l Sec. Archive v. U.S. Dep't of*

---

https://www.warren.senate.gov/imo/media/doc/final_-_letter_to_dhs_and_ice_on_private_detention_center_use_05142024.pdf [https://perma.cc/EJ5T-HC4L]; Letter from Reps. Pramila Jayapal and Adam Smith, to Alejandro Mayorkas, Sec'y. Dep't Homeland Sec.  (Jul. 16, 2024), https://jayapal.house.gov/wp-content/uploads/2024/07/Mayorkas-Letter-Dilley-Closure-071624.pdf).

[7] Exh. A at n.8 (citing multiple articles, including Maria Sacchetti, *Lawsuit Shows Private Detention Companies Offered Beds to ICE This Year*, Washington Post, Dec. 19, 2024, https://www.washingtonpost.com/immigration/2024/12/19/ice-immigration-detention-expansion-proposals/; Michael Dorgan, *ICE Looking Into Expanding Migrant Detention Facilities, ACLU Says*, Fox News, Jan. 9, 2025, https://www.foxnews.com/politics/ice-looking-expanding-migrant-detention-facilities-aclu-says; Sam Levine, *ICE Could Add 600 Beds to New Jersey Detention Center, Documents Show*, The Guardian, Nov. 22, 2024, https://www.theguardian.com/us-news/2024/nov/22/ice-new-jersey-detention; Patricia Ortiz, *ACLU: Texas Government Likely to Cooperate with Mass Deportation Efforts Expected Under Trump*, Houston Public Media, Jan. 20, 2025, https://www.houstonpublicmedia.org/articles/news/politics/immigration/2025/01/20/511087/aclu-texas-says-state-government-is-likely-to-cooperate-with-mas-deportation-efforts-from-the-trump-administration/; Lily Celeste, *ACLU Lawsuit Reveals ICE May Expand Valley Immigration Detention Facilities*, KRGV.com, Jan. 7, 2025, https://www.krgv.com/news/aclu-lawsuit-reveals-ice-may-expand-valley-immigration-detention-facilities/).

[8] Letter from 211 Immigrant Rights Organizations to Alejandro Mayorkas, Sec'y. Dep't Homeland Sec., *Pattern of Deteriorating Immigration Detention Conditions Amid Expansion Efforts* (Jul. 11, 2024), https://www.detentionwatchnetwork.org/sites/default/files/NGO%20Letter%20regarding%20ICE%20Detention%20-%20July%202024.pdf [https://perma.cc/MM6M-VPW3].

*Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989) (finding that an organization that gathers information, exercises editorial discretion in selecting and organizing documents, "devises indices and finding aids," and "distributes the resulting work to the public" is a "representative of the news media" for purposes of the FOIA); *ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding non-profit public interest group to be "primarily engaged in disseminating information").

17.    Plaintiffs also sought expedited processing of the Request on the ground that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity, citing to the same sources. 5 U.S.C. § 552(a)(6)(E); *see also* 6 C.F.R. § 5.5(e).

**Defendant's Response to the Request**

18.    By email dated March 12, 2025, ICE acknowledged receipt of the Request on March 7, 2025, and assigned it tracking number 2025-IFCO-23923. This email also invoked a 10-day extension of time to respond to the Request, and denied Plaintiffs' request for a fee waiver and expedited processing. This email is attached as Exhibit B to this Complaint.

19.    On March 17, 2025, Plaintiffs submitted an administrative appeal of ICE's denial of a fee waiver and for expedited processing. Plaintiff's administrative appeal is attached as Exhibit C to this Complaint.

20.    By email dated March 18, 2025, ICE's Office of the Principal Legal Advisor confirmed receipt of the administrative appeal on March 17, 2025, and assigned it tracking number 2025-ICAP-00151. The email and letter are attached as Exhibit D to this Complaint.

21.    By email on April 14, 2025, ICE's Office of the Principal Legal Advisor responded to Plaintiffs' administrative appeal with a letter dated April 11, 2025. The email and letter are

attached as Exhibit E to this Complaint. In its response, ICE granted Plaintiff's request for a fee waiver, but denied Plaintiffs' request for expedited processing, stating that the Plaintiffs did not show that there was any urgency to inform the public about a federal governmental activity.

22.    ICE has produced no records or any other response to the Request. To date, ICE has neither released responsive records nor explained its basis for withholding them.

### Statutory Requirements

23.    The Freedom of Information Act was enacted to facilitate public access to government documents. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

24.    With that purpose in mind, the FOIA statute requires federal agencies like Defendant to disclose records within 20 working days in response to FOIA requests. 5 U.S.C. § 552(a)(6)(A)(i).

25.    If there are "unusual circumstances," an agency may extend the time limit to respond by no more than 10 working days. *Id.* § 552(a)(6)(B)(i). To invoke that extension, the agency must provide "written notice . . . setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.*

26.    An agency can extend its processing time beyond the additional 10 days only if it provides written notice and "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).

27.    A district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure. *Id*. § 552(a)(4)(B).

28.    FOIA also allows for requesters to ask for expedited processing of their request for records if they can demonstrate a compelling need. *Id*. §552(a)(6)(E)(i). The term "compelling need" applies to requesters who are primarily engaged in disseminating information and possess the urgency to inform the public concerning actual or alleged Federal government activity. *Id* § 552(a)(6)(E)(v)(II).

29.    More than 30 working days have passed since Plaintiffs filed the Request. Thus, the statutory time period has elapsed as to ICE. *Id.* § 552(a)(6)(C)(i).

30.    Plaintiffs have exhausted all administrative remedies regarding ICE's failure to respond to the Request, because ICE has failed to comply with the extended time limit of 30 working days to respond to the Request under the FOIA.

## CLAIMS FOR RELIEF

31.    The failure of Defendant to make a reasonable effort to search for records responsive to the Request violates the FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

32.    The failure of Defendant to promptly make available the records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(3), (a)(6)(A), and Defendants' corresponding regulations.

33.    The failure of Defendant to process Plaintiffs' Request expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

34.    Defendant's withholding of non-exempt agency records subject to the Request violates the FOIA, 5 U.S.C. § 552, and Defendant's corresponding regulations.


**REQUESTED RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a)    Declare that Defendant's failure to respond and produce the requested records is unlawful;

b)    Order Defendant to conduct a full, adequate, and expedited search for all responsive records;

c)    Order Defendant to immediately process and release any responsive records;

d)    Declare that the requested records are not exempt from disclosure under the Freedom of Information Act;

e)    Enjoin Defendant from withholding non-exempt, responsive records;

f)    Award Plaintiffs costs and reasonable attorneys' fees incurred in this action; and

g)    Grant such other relief as the Court deems just and proper.


Respectfully submitted this 21st day of April, 2025.

Eunice H. Cho*
American Civil Liberties Union Foundation
National Prison Project
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Phone: (202) 548-6616
echo@aclu.org

/s/ Judy Rabinovitz
Judy Rabinovitz
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 19th Floor
New York, New York 10004
Phone: (212) 549-2500
jrabinovitz@aclu.org


Timothy R. Macdonald*
American Civil Liberties Foundation of
Colorado

My Khanh Ngo*
Kyle Virgien*
American Civil Liberties Union Foundation

303 E. 17th Ave., Suite 350
Denver, CO 80203
Telephone: 720-402-3107
Email: tmacdonald@aclu-co.org

425 California Street, 7th Floor
San Francisco, CA 94104
Phone: (415) 343-0770
mngo@aclu.org
kvirgien@aclu.org

*Counsel for Plaintiff*
*\*pro hac vice* applications forthcoming