JAY CLAYTON
United States Attorney for the
Southern District of New York
By:     PETER ARONOFF
        JESSICA F. ROSENBAUM
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2697/2777
E-mail: peter.aronoff@usdoj.gov
        jessica.rosenbaum@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION and AMERICAN CIVIL
LIBERTIES UNION FOUNDATION OF
COLORADO,

                Plaintiffs,

  -against-

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,

                Defendant.

------------------------------------------------------------ x

Case No. 25 Civ. 3271 (VEC)

**ANSWER**

Defendant United States Immigration and Customs Enforcement ("ICE"), by and through its attorney, Jay Clayton, United States Attorney for the Southern District of New York, answers the correspondingly numbered paragraphs of the Complaint, ECF No. 1, of plaintiffs American Civil Liberties Union Foundation and American Civil Liberties Union Foundation of Colorado, upon information and belief as follows:[1]

---

[1] Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, ICE may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (a) correctly cited or quoted by Plaintiffs, (b) relevant to this, or any other, action, or (c) admissible in this, or any other, action.

1

1. Paragraph 1 contains plaintiffs' characterization of this action and prayer for relief, to which no response is required. To the extent a response is required, ICE admits that plaintiffs purport to bring this action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), and otherwise denies the allegations.

2. ICE admits the first sentence of paragraph 2. The second sentence consists of plaintiffs' characterization of this action, to which no response is required.

3. Paragraph 3 consists of factual allegations unrelated to plaintiffs' legal claims against ICE under FOIA, to which no response is required. Furthermore, the allegations in paragraph 3 purport to construe the contents of two electronic sources, and ICE respectfully refers the Court to the cited sources for a true and accurate statement of their contents.

4. ICE admits the first two sentences of paragraph 4. The remainder of paragraph 4 consists of factual allegations unrelated to plaintiffs' legal claims against ICE under FOIA to which no response is required; furthermore, the remaining allegations purport to construe the contents of a Request for Information issued by ICE, and ICE avers that the cited Request for Information speaks for itself, respectfully refers the Court to the cited Request for Information for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

5. ICE denies knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 5. ICE admits the second sentence. ICE admits the first clause of the third sentence; the second clause consists of legal argument, as to which no response is required.

6. The allegations in paragraph 6 consist of plaintiffs' requests for relief, to which no response is required. To the extent a response is required, ICE denies that plaintiffs are entitled to the requested relief.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 consist of plaintiffs' conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is required, ICE admits only that this Court has jurisdiction subject to the limitations of FOIA. ICE further avers that the cited statutes speak for themselves, refers the Court to the cited statutes for a true and accurate statement of their contents, and denies any allegations inconsistent therewith.

8. The allegations in paragraph 8 consist of plaintiffs' conclusions of law regarding venue, to which no response is required. To the extent that a response is required, ICE admits only that venue is proper in the judicial district. ICE further avers that the cited statute speaks for itself, refers the Court to the cited statute for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

## PARTIES

9. ICE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. ICE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. The allegations in paragraph 11 consist of legal conclusions, to which no response is required. To the extent a response is required, ICE admits that it is an agency for purposes of FOIA and that plaintiffs seek records from ICE and otherwise denies the allegations.

**FACTUAL BACKGROUND**

12. With respect to paragraph 12, ICE admits only that plaintiffs submitted a FOIA request dated March 7, 2025, and admits that Exhibit A is a true and correct copy of the request. Otherwise, the allegations of paragraph 12 consist of plaintiffs' quotation from the FOIA request, to which no response is required. ICE avers that the FOIA request speaks for itself, refers the Court to the request for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

13. ICE admits that plaintiffs sought a waiver of search, review, and reproduction fees in connection with the FOIA request and avers that the remaining allegations in paragraph 13 consist of legal conclusions, to which no response is required. ICE further avers that the FOIA request and the cited statute and regulation speak for themselves, refers the Court to those materials for a true and accurate statement of their contents, and denies any allegations inconsistent therewith.

14. ICE admits that plaintiffs sought a waiver of search and review fees in connection with the FOIA request and avers that the remaining allegations in paragraph 14 consist of legal conclusions, to which no response is required. ICE further avers that the FOIA request and the cited statute and regulation speak for themselves, refers the Court to those materials for a true and accurate statement of their contents, and denies any allegations inconsistent therewith.

15. The allegations in paragraph 15 purport to construe the contents of the FOIA request. ICE avers that the FOIA request speaks for itself, refers the Court to the request for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

16. The allegations in paragraph 16 purport to construe the contents of the FOIA request and legal cases. ICE avers that the FOIA request and cases speak for themselves, refers the Court to those materials for a true and accurate statement of their contents, and denies any allegations inconsistent therewith.

17. ICE admits that plaintiffs sought expedited processing of the FOIA request and avers that the remaining allegations in paragraph 17 consist of legal conclusions, to which no response is required. ICE further avers that the FOIA request and the cited statute and regulation speak for themselves, refers the Court to the cited materials for a true and accurate statement of their contents, and denies any allegations inconsistent therewith.

**Defendant's Responses to the Request**

18. ICE admits the allegations of paragraph 18.

19. ICE admits the allegations of paragraph 19.

20. ICE admits the allegations of paragraph 20.

21. ICE admits the allegations of paragraph 21.

22. ICE admits that it has not released any records in response to the March 7, 2025 FOIA request and otherwise denies the allegations in paragraph 22.

## STATUTORY REQUIREMENTS

23. The allegations in paragraph 23 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of multiple legal cases, to which no response is required. ICE respectfully refers the Court to the three cited cases for a true and accurate statement of their contents.

24. The allegations in paragraph 24 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the

contents of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

25. The allegations in paragraph 25 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

26. The allegations in paragraph 26 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

27. The allegations in paragraph 27 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

28. The allegations in paragraph 28 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

29. Paragraph 29 consists of a legal conclusion, to which no response is required.

30. The allegations in paragraph 30 consist of legal conclusions, to which no response is required.

**CLAIMS FOR RELIEF**

31. The allegations in paragraph 31 consist of legal conclusions, to which no response is required.

32. The allegations in paragraph 32 consist of legal conclusions, to which no response is required.

33. The allegations in paragraph 33 consist of legal conclusions, to which no response is required.

34. The allegations in paragraph 34 consist of legal conclusions, to which no response is required.

## REQUESTED RELIEF

The paragraphs following the "Wherefore" clause constitute a prayer for relief, to which no response is required. To the extent that a response is required, ICE denies that plaintiffs are entitled to the requested relief or any relief.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, ICE alleges as follows:

### First Defense

The Complaint fails to state a claim for which relief can be granted, as ICE has not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522.

### Second Defense

Plaintiffs are not entitled to the production of any records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552.

### Third Defense

At all times alleged in the Complaint, ICE acted in good faith, with justification, and pursuant to authority.

### Fourth Defense

The Court lacks subject matter jurisdiction to the extent plaintiffs' request for relief exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

Fifth Defense

FOIA does not require ICE to create new records, provide reasons for its actions, or explain the conduct of the agency.

ICE may have additional defenses that are not known to it at this time, but that may be ascertained during litigation. ICE reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, ICE, having fully answered the allegations in the Complaint and stated its defenses, respectfully requests that this Court dismiss the Complaint with prejudice, enter judgment in favor of ICE, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated:  New York, New York
        June 4, 2025

                                        Respectfully submitted,

                                        JAY CLAYTON
                                        United States Attorney
                                        Southern District of New York
                                        *Attorney for Defendant*

                                By:     */s/ Peter Aronoff*
                                        PETER ARONOFF
                                        JESSICA F. ROSENBAUM
                                        Assistant United States Attorneys
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2697/2777