

**Eunice H. Cho**
Sr. Staff Attorney
National Prison Project
ACLU National Legal Department

**MEMO ENDORSED**

June 27, 2025

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2025
```

**BY ECF**

Hon. Valerie Caproni
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:   *American Civil Liberties Union Foundation v. United States Immigration and Customs Enforcement,* No. 1:25-cv-3271-VEC

Dear Judge Caproni,

      Counsel for Plaintiffs American Civil Liberties Union Foundation ("ACLU"), American Civil Liberties Union Foundation of Colorado ("ACLU-CO") (collectively "Plaintiffs"), and Defendant Immigration and Customs Enforcement ("ICE") submit this Joint Letter in the above-referenced action, which Plaintiffs bring pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

      Plaintiffs bring this action to compel Defendant ICE to search for and release records regarding the agency's identification of potential immigration detention sites in ICE's Denver, Colorado Area of Responsibility. ACLU filed its FOIA request on March 7, 2025 and filed suit on April 21, 2025.

      The parties write to provide the court with a status update and to respectfully request adjournment of the deadline to submit a proposed report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The parties also respectfully propose that the Initial Pretrial Conference scheduled for July 11, 2025, at 10:00 a.m., be canceled given that there is no discovery or motion practice to be scheduled at this time. Instead of a Rule 26(f) letter, the parties respectfully propose that they submit joint status letters to the Court every 30 days, beginning July 18, 2025. The parties may seek the Court's assistance—whether as part of the monthly status updates or otherwise—if they are not able to resolve any issues informally.

915 15th St. NW, 7th Floor, Washington, D.C. 20005  |  echo@aclu.org



Since the filing of this case, counsel for the parties have met and conferred, and have reached agreement on a processing schedule, as detailed further below. The parties also provide additional information regarding the status of the case.

1. **FOIA Search and Processing Schedule**

The ACLU's complaint seeks production of records regarding records submitted in response to a Request for Information ("RFI") issued by ICE to "identify possible detention facilities" in areas covered by its Denver, Colorado Field Office, with custodians to include Ian Somppi, Amanda Stought, and William Burger.

   a. ICE has completed its search of custodians Ian Somppi, Amanda Stought, and William Burger, for responses to RFI Notice 2025_ICE-DCR_DenverAOR, issued by ICE on February 14, 2025. That search yielded 211 pages of potentially responsive documents. ICE is processing those documents now and will produce any responsive, non-exempt records from that set by July 3, 2025.

   b. ICE will provide a sample *Vaughn* Index, to include identification of the applicable exemption(s) and grounds for the withholding, for a sample of up to 10 redactions specified in a request to be submitted by Plaintiffs. ICE will provide the sample *Vaughn* Index within 7 days of Plaintiffs' request (unless Plaintiffs provide the request within a week of a federal holiday, in which case the sample *Vaughn* Index will be provided within 10 days of the request). ICE's provision of the sample *Vaughn* Index will not foreclose ICE's provision of a full *Vaughn* Index, as appropriate, should any party move for summary judgment.

2. **Agreement on FOIA Search and Production Fees.**

ICE will not charge Plaintiffs any search or production fees for the FOIA requests at issue in this case.

3. **Outstanding Motions and Motions for Summary Judgment**

There are no pending motions before the Court.



The parties may need to engage in motion practice regarding the government's withholding of records under claimed exemptions and/or the adequacy of the government's search, which may be addressed in a motion for summary judgment. The parties may also need to engage in motion practice regarding the amount of reasonable attorneys' fees to which Plaintiffs may be entitled. The parties intend to work cooperatively to resolve any differences on these issues prior to submission of any motion. The parties do not anticipate requiring a motion to exclude expert testimony.

  4. **Discovery**

No discovery has been taken to date. The parties anticipate resolving any issues presented in this case informally, or via motions for summary judgment, without the need for formal discovery. ICE respectfully submits that no discovery is necessary because it expects that this case, like most FOIA cases, will be resolved through settlement or on cross-motions for summary judgment without the need for discovery. *See Wood v. F.B.I.*, 432 F.3d 78, 84–85 (2d Cir. 2006). Plaintiffs, however, reserve the right to seek discovery if unanticipated issues and disputes arise. *See, e.g. Fams. for Freedom v. U.S. Customs & Border Prot.*, 837 F. Supp. 2d 331, 336–37 (S.D.N.Y. 2011) (authorizing discovery in FOIA case)*; Brayton v. Office U.S. Trade Rep.*, 641 F.3d 521, 527 (D.D.C. 2011) (noting that resolution of a FOIA case on summary judgment is "not always" proper); *Long v. Imm. Customs Enforcement*, 464 F.Supp.3d 409 (D.D.C. 2020) (same).

  5. **Settlement**

The parties are optimistic that Plaintiffs' complaint can be resolved through settlement; to that end, the parties have already negotiated a schedule for ICE to process and release non-exempt documents responsive to Plaintiffs' FOIA request, as set forth above. The parties do not presently believe that the court's alternative dispute resolution mechanisms would be helpful in resolving this case.

  6. **Anticipated Length of Trial and Jury Trial**

The parties anticipate resolving any issues presented in this case before trial, informally, or via cross-motions for summary judgment. However, should a trial be needed, parties anticipate that it will be less than one day, and no jury is requested.



### 7. Magistrate Judge

All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.

Respectfully submitted,

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | JAY CLAYTON<br>United States Attorney for the Southern District of New York |
| By: /s/ Eunice H. Cho | |
| EUNICE H. CHO*<br>Sr. Staff Attorney<br>American Civil Liberties Union<br>National Prison Project<br>915 15th Street NW, 7th Floor<br>Washington, DC 20005<br>Telephone: (202) 548-6619<br>Email: echo@aclu.org | By: /s/ Jessica F. Rosenbaum<br>PETER ARONOFF<br>JESSICA F. ROSENBAUM<br>Assistant United States Attorneys<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>Telephone: (212) 637-2697/2777<br>E-mail: peter.aronoff@usdoj.gov<br>jessica.rosenbaum@usdoj.gov |
| *Attorney for Plaintiffs*<br>*admitted *pro hac vice* | *Attorneys for Defendant* |

Application GRANTED.  The initial pretrial conference scheduled for July 11, 2025, is ADJOURNED *sine die*.  In lieu of a conference, the parties must file joint status updates on the **18th day of each month** (or the first business day thereafter, if the 18th is a weekend or holiday) apprising the Court of the progress they have made toward resolving the case and proposing next steps.  The first joint status update is due **July 18, 2025**.

SO ORDERED.

7/1/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE